UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LEONARD DOYLE ROGERS,          )
                               )
            Plaintiff,         )
                               )
        v.                     )          No. 4:08CV1627 CEJ
                               )
METRO BI-STATE DEVELOPMENT,    )
                               )
            Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not opposed the motion. Upon review, the Court will grant the motion in part and deny it in part.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, claiming employment discrimination based on race. According to the complaint, the defendant terminated plaintiff's employment as bus operator on June 10, 2005. Subsequently, in September 2007, plaintiff learned of a Caucasian bus operator who faced termination but was given the opportunity to retire instead and was later rehired. Plaintiff contacted defendant on September 21, 2007, and requested reconsideration of his termination and to be rehired, but these requests were refused. Plaintiff claims that defendant refused to rehire him because he his African-American.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 4, 2008. In the charge, plaintiff

wrote, "I believe the reason I was denied the option of retiring and being later rehired had to do with the fact I am an African-American."

As a prerequisite to bringing an action under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the event giving rise to the cause of action. <u>See</u> <u>Klein v. McGowan</u>, 198 F.3d 705, 709 (8th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)); <u>Greene v. Carter Carburetor Co.</u>, 532 F.2d 125, 126 (8th Cir. 1976). A discrete adverse employment action, such as a discharge, is completed at the time it occurs. <u>Gipson v KAS Snacktime Co.</u>, 83 F.3d 225, 229 (8th Cir. 1996) *abrogated on other grounds by* <u>AMTRAK v. Morgan</u>, 536 U.S. 101 (2002). Thus, to maintain a Title VII action asserting a claim of discriminatory discharge, a plaintiff must have filed his charge of discrimination within 300 days of the discharge.

Defendant argues that the case must be dismissed because plaintiff did not file a charge of discrimination within the 300 days of his termination, or April 6, 2006. Defendant is correct, and thus any claim of discriminatory termination must be dismissed. However, the plaintiff also asserts a claim of discrimination with respect to the defendant's refusal to rehire him in 2007. This claim was timely asserted in the charge of discrimination and, therefore, it will not be dismissed..

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [#9] is **granted** as to

plaintiff's claim of discriminatory discharge and **denied** as to plaintiff's claim of discriminatory failure to rehire.

Dated this 18th day of March, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE