UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD DOYLE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV1627 CEJ |
| | ) |
| METRO BI-STATE DEVELOPMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's second motion to compel and for sanctions.

Defendant served its first set of interrogatories, requests for production of documents, and requests for admissions on April 9, 2009. Plaintiff's discovery responses were due on or before May 11, 2009. Plaintiff did not timely respond to defendant's written discovery. On May 27, 2009, defendant wrote a letter to plaintiff advising him that his responses were late and requesting that he send them within ten days. Plaintiff filed his responses to defendant's written discovery on July 6, 2009.

Pursuant to the Case Management Order, the parties' Rule 26(a) disclosures were due no later than May 14, 2009. Plaintiff had not served his Rule 26(a) disclosures on defendant at the time the instant motion was briefed.

Defendant now moves for each of its requests for admission to be deemed admitted. Defendant further moves for the Court to strike plaintiff's late responses to defendant's requests for admission. Defendant also moves the Court to compel plaintiff to serve his Rule 26(a) disclosures on defendant within ten days. Defendant further moves the Court to order plaintiff to pay defendant its attorneys' fees in the

amount of $750 for the cost of preparing the motion to compel or for an order barring plaintiff from using information he should have disclosed in his Rule 26(a) disclosures.

Plaintiff responds that the motion should not be granted because he did not have access to the information requested until after he received the materials produced by defendant. Plaintiff did not ask the Court for additional time to respond to the discovery request or to make his Rule 26(a) disclosures.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. Pursuant to Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Plaintiff did not serve a written answer or objection on defendant within thirty days of defendant's requests for admission. The plaintiff's ability to respond to the request for admission was not dependent on defendant's disclosures. Further, plaintiff could have requested additional time to respond, but failed to do so. Therefore, the plaintiff's late responses will be stricken and all of defendant's requests for admission are deemed admitted under Rule 36(a)(3).

To the extent that plaintiff has not yet made his Rule 26(a) disclosures, the Court will grant defendant's motion to compel, but the Court will not enter sanctions at this time. Plaintiff shall have until December 23, 2009, to serve his Rule 26(a) disclosures on defendant. If plaintiff fails to timely serve his Rule 26(a) disclosures, the Court may dismiss this action or impose any other sanction authorized under the Federal Rules.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's second motion to compel and for sanctions is **granted** in part and **denied** in part.

**IT IS FURTHER ORDERED** that defendant's requests for admissions are deemed admitted under Rule 36(a)(3).

**IT IS FURTHER ORDERED** that plaintiff's responses to defendant's requests for admission are **stricken**.

**IT IS FURTHER ORDERED** that plaintiff shall serve his Rule 26(a) disclosures on defendant no later than **December 23, 2009**.

Dated this 16th day of December, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE