UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD DOYLE ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08CV1627 CEJ ) |
| METRO BI-STATE DEVELOPMENT, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel and motion to deny amending the case management order. Both motions will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not complex. This is a straightforward employment discrimination case with a simple fact pattern. As a result, the Court will deny plaintiff's motion to appoint counsel.

Plaintiff's motion to deny amending the case management order is moot. The Court has already amended the case management order, and in doing so, the Court determined that no prejudice would befall plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [#33] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to deny amending the case management order [#37] is **denied**.

Dated this 21st day of December, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE