UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD DOYLE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV1627 CEJ |
| ) | |
| METRO BI-STATE DEVELOPMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff, proceeding *pro se*, filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that defendant terminated his employment in 2005 for racially discriminatory reasons and that defendant unlawfully refused to reconsider the discharge and failed to rehire him in 2007. The Court previously dismissed plaintiff's discriminatory termination claim as time-barred. The Court allowed the case to proceed, however, as to plaintiff's claims that defendant refused to reconsider his termination and refused to rehire him. Defendant now moves for summary judgment on plaintiff's 2007 claims. Upon review of the record, the Court finds that plaintiff has failed to demonstrate that a genuine issue of material fact exists for trial. As a result, the Court will grant the motion and enter summary judgment in favor of defendant.

### Standard

Under Rule 56(c), a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the nonmoving party the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the nonmoving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). This Court is, however, "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (quoting White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990)).

When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails to create a genuine issue of material fact. See Id.; E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

In this case, plaintiff filed a one-page response to defendant's motion for summary judgment. The response does not include a statement of facts.[1] As a result, the Court accepts as true defendant's statement of material facts.

**Background**

---

[1] The Court acknowledges that plaintiff filed twenty-seven pages of exhibits along with his response. These exhibits, however, do not constitute admissible evidence.

Defendant hired plaintiff in 1988. In 2005, plaintiff worked as a bus operator for defendant. On June 8, 2005, plaintiff refused to follow the proper directives of his supervisor with respect to performing his job duties. Plaintiff's actions on June 8, 2005, constituted insubordination in violation of defendant's policies. On June 10, 2005, defendant terminated plaintiff's employment due to insubordination and an unsatisfactory general record of employment based on numerous passenger complaints. Before June 8, 2005, defendant had received several passenger complaints stating that plaintiff was rude to passengers, failed to pick up passengers, failed to properly drop off passengers, and made derogatory statements to passengers. Plaintiff was aware that insubordination was a cause for termination by defendant.

Following his termination, plaintiff filed a grievance pursuant to the terms of the Collective Bargaining Agreement between defendant and the Local 788 of the Amalgamated Transit Union. In August 2005 defendant offered plaintiff a Last Chance Agreement in lieu of taking his grievance to arbitration. Under the Last Chance Agreement, plaintiff would be reinstated as a bus operator but would be subject to immediate termination if he engaged in insubordination or misconduct toward passengers. Plaintiff refused the offer and proceeded to arbitration. The arbitrator found in defendant's favor and upheld the discharge.

Plaintiff filed a charge of discrimination with the EEOC and the Missouri Commission on Human Rights[2] on January 4, 2008. In his charge, plaintiff claimed (1) that he was never offered the opportunity to retire in lieu of continuing his grievance;

---

[2] Plaintiff has not brought any claims under Missouri law in this action.

(2) that a Caucasian bus operator who was terminated was subsequently allowed to retire; (3) that in September 2007 he contacted the director in charge of his and the Caucasian employee's terminations and "requested reconsideration of [plaintiff's] termination so that [he] could exercise [his] option to retire and to be retired as was provided to the Caucasian bus operator," but that such request was denied; and (4) that his September 2007 request was denied because he is African-American.

Plaintiff did not file an employment application with defendant in 2007 or January 2008. To be considered for employment by defendant, an applicant must submit either a written application or fill out an on-line application. Plaintiff did neither. Plaintiff was familiar with Metro's hiring and application procedures in 2007.

## Discussion

### A.     Option to Retire In Lieu of Proceeding With Grievance

"Before bringing a Title VII action, a plaintiff must file a charge with the EEOC within 300 days of the event giving rise to the cause of action." Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)). "The timely filing of a charge of discrimination with the EEOC is a prerequisite to court action under Title VII." Greene v. Carter Carburetor Co., 532 F.2d 125, 126 (8th Cir. 1976). A discrete adverse employment action, such as a discharge, is completed at the time it occurs. Gipson v KAS Snacktime Co., 83 F.3d 225, 229 (8th Cir. 1996) *abrogated on other grounds by* AMTRAK v. Morgan, 536 U.S. 101 (2002).

Plaintiff was terminated on June 10, 2005. Plaintiff did not file his charge of discrimination until January 4, 2008. As a result, all of plaintiff's claims arising out of his June 2005 discharge are time-barred, and the Court will enter summary judgment in favor of defendant on this claim.

B.  **Denial of Plaintiff's Request to Reconsider**

As stated above, a discrete adverse employment action, such as a discharge, is completed at the time it occurs. Gipson, 83 F.3d at 229. A litigant may not resurrect a time-barred claim by merely requesting that an employer reconsider its previous decision. Cf. Boersig v. Union Elec. Co., 219 F.3d 816, 821 (8th Cir. 2000) (refusing to allow plaintiff to resurrect a time-barred failure-to-promote claim by challenging employer's adherence to the promotional system set out in a collective bargaining agreement). In this case, plaintiff's termination occurred on June 10, 2005. Plaintiff's informal request in September 2007 to reconsider the discharge did not constitute an adverse employment action, nor did it serve to resurrect an unlawful termination claim. As a result, the Court will grant summary judgment in favor of defendant on this claim.

C.  **Failure to Rehire in 2007**

Plaintiff appears to state in his charge of discrimination that defendant failed to rehire him in September 2007 for discriminatory reasons. This claim is refuted by the fact that plaintiff never applied for employment with defendant in 2007. As a result, the Court will grant summary judgment in favor of defendant on this claim.[3]

---

[3] In addressing this claim, defendant also analyzed and refuted plaintiff's claim that he was treated differently than a similarly-situated white employee. The Court finds it unnecessary to discuss this line of reasoning, because plaintiff cannot support a failure-to-hire claim without first applying for a job with defendant.

## Conclusion

Plaintiff has failed to demonstrate that a triable question of material fact exists as to any of his claims. And defendant has shown that it is entitled to judgment as a matter of law. In consequence, the Court will enter summary judgment in defendant's favor.

## Certification Under 28 U.S.C. § 1915(a)(3)

Title 28 U.S.C. § 1915(a)(3) states, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Any appeal from this decision would be frivolous because plaintiff has failed to produce a scintilla of evidence in support of his claims. As a result, the Court will certify that an appeal from this decision would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#39] is **granted**.

**IT IS HEREBY CERTIFIED** that an appeal from this decision would not be taken in good faith.

Dated this 29th day of March, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE